SIMON VAN WICKLE et al., Appellants, v. THE MECHANICS AND TRADERS' INSURANCE COMPANY, Respondent.

In every case of marine insurance, there is an implied warranty, on the part of the insured, of seaworthiness, and if the vessel is not seaworthy, the policy will not attach.

This warranty is a condition precedent, the performance of which must be alleged and proved to entitle the insured to recover in an action on the policy.

Where, in such an action, it appeared that the vessel upon which was the insured cargo, within twenty-four hours after sailing was found abandoned and in a sinking condition, and that it sank soon after, "acting," as testified to by one of the witnesses, "as if she broke in two as she was going down," and there was no evidence of any storm, or that she encountered extraordinary perils, *held*, that the complaint was properly dismissed.

One of plaintiff's witnesses testified that he thought the vessel was capable of carrying the cargo she had on. *Held*, that this did not establish that the vessel was seaworthy when she started on her voyage, or require the submission of that question to the jury; nor did the fact that the vessel had performed other voyages safely.

(Argued October 28, 1884; decided November 25, 1884.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made February 6, 1882, which affirmed a judgment in favor of defendant, entered upon an order dismissing plaintiff's complaint on trial. (Reported below, 16 J. & S. 95.)

This action was brought to recover the amount of an insurance upon a cargo of coal, made by indorsement upon an open policy which contained this description of the risks.

"Beginning the adventure upon the said property from and immediately following the loading thereof at the port or place named in this indorsement, and so shall continue and endure until the same shall arrive and be safely landed at the port of destination, and not to exceed forty-eight hours from the time of arrival.

"Touching the adventures and perils which the said insurance company is contented to bear upon itself, they are of the

lakes, rivers, canals, railroads, fires, jettisons and all other perils and misfortunes that have or shall come to the hurt, detriment or damage of the said property, or any part thereof, excepting all perils, losses or misfortunes arising from the want of ordinary care and skill in loading and stowing the cargo of, or in navigating the said vessel from theft, barratry or robbery, or other legally excluded causes."

Underwritten upon the policy was the following :

"It is the intention of this policy to cover cargoes of coal as soon as they are laden on board of good, insurable boats or barges."

The material facts are stated in the opinion.

*L. Laflin Kellogg* for appellant. The standard of seaworthiness varies according to the character of the vessel, her location, the voyage she is to undertake, or·the service she is to perform. (1 Pars. on Ins. 386 ; Parsons' Merc. Law, 427 ; *Allison* v. *Corn Ex. Ins. Co.*, 57 N. Y. 91.) The proof of seaworthiness need not be particular and full. Although slight and general, if not contradicted, it is deemed sufficient, and when given, shifts the burden on the underwriter. (*Moses* v. *Sun Ins. Co.*, 1 Duer, 176 ; *Borland* v. *Mercantile Ins. Co.*, 46 N. Y. Supr. 433.) The question of seaworthiness at the inception of the voyage is one of fact for the jury. (*Walsh* v. *Marine Ins. Co.*, 32 N. Y. 427 ; *Sherwood* v. *Ruggles*, 2 Sandf. 55 ; *Wright* v. *Orient Mut. Ins. Co.*, 6 Bosw. 269 ; *Brioso* v. *Pac. Mut. Ins. Co.*, 4 Daly, 246 ; *Sturms* v. *Atlantic Mut. Ins. Co.*, 38 N. Y. Supr. 245 ; 1 Arnold on Ins., § 256 ; *Treadwell* v. *Union Ins. Co.*, 6 Cow. 273.) It is enough to satisfy the warranty of seaworthiness if the ship be originally seaworthy for ·the voyage insured when she sails on it. (2 Arnold, 592 ; *Treadwell* v. *Union Ins. Co.*, 6 Cow. 273 ; *Am. Ins. Co.* v. *Ogden*, 20 Wend. 287 ; *Patrick* v. *Hallett*, 1 Johns. 241 ; *Sherwood* v. *Ruggles*, 2 Sandf. 55 ; *Miller* v. *Russell*, 1 Bay. 309.) The presumption that the perils of the sea were inadequate to produce the loss may be rebutted by proof that the vessel was actually seaworthy when she sailed. (*Snethen* v. *Memphis Ins.*

*Co.*, 3 La. Ann. 474; *Regely* v. *Sun Mut. Ins. Co.*, 7 id. 277.) If a vessel be seaworthy at the time of sailing and afterward suddenly springs a-leak and founders without any stress of weather or apparent cause, it is a loss by the perils of the sea and the insurers are liable. (*Patrick* v. *Hallett*, 1 Johns. 241.) If a ship be not heard from after a reasonable time, it will be presumed that she has perished, and in the absence of all evidence or opposing circumstances the presumption of law will be that she has perished by reason of some perils of the sea. (*Gordon* v. *Bowne*, 2 Johns. 150; *Brown* v. *Neilson*, 1 Caines, 525; *Tremlow* v. *Oswin*, 2 Campb. 85; *Green* v. *Brown*, 2 Strat. 191; Marshall on Ins. 490; *Deshon* v. *Merch. Ins. Co.*, 11 Metc. 199; *Walsh* v. *Wash. Ins. Co.*, 32 N. Y. 430.) The recovery by the plaintiff is not dependent on proofs that the loss of cargo was occasioned by the perils of the sea. (1 Pars. on Mar. Ins. 544; Vouchers' Guide, Mar. Ins. 88; 2 Arnold Ins. 792; 1 Pars. on Mar. Ins. 544, note.) The expression "insurance against all risks" is held to apply to all losses, except such as arise from the fraud of the insured. (*Grix* v. *Knox*, 1 Johns. Cas. 337; *Skidmore* v. *Desdoity*, 2 id. 77; *Marcy* v. *Sun Mut. Ins. Co.*, 11 La. Ann. 748.) If there is any ambiguity of meaning in the policy that interpretation is to be given most favorable to the insured. (*Allen* v. *St. Louis Ins. Co.*, 85 N. Y. 473.)

*Stephen G. Clark* for respondent. A marine insurance is only to indemnify against such extraordinary and unforeseen perils as a seaworthy vessel may be unable to survive; in every case of marine insurance there is an implied warranty of seaworthiness on the part of the insured, and if the vessel is not seaworthy, the policy does not attach. (1 Arnould on Ins. 652, 667; 2 Pars. on Cont. [5th ed.] 375; *Allison* v. *Corn Exchange Co.*, 57 N. Y. 87, 91; *Draper* v. *Commercial Ins. Co.*, 21 id. 87, 91.) This warranty of seaworthiness is a condition precedent, the performance of which must, to entitle plaintiff to recover, be alleged and proved by him; and if it appears that the vessel, shortly after sailing, became leaky,

unfit to perform the voyage, or sinks without encountering any peril or storm, this is presumptive evidence of unseaworthiness. (2 Arnould on Ins. 134–5 ; *Van Valkenburgh* v. *Astor Mut. Ins. Co.*, 1 Bosw. 61, 64 ; *Moses* v. *Sun Mut. Ins. Co.*, 1 Duer, 159, 175 ; *Draper* v. *Orient Mut. Ins. Co.*, 6 Bosw. 234 ; *Rogers* v. *Sun Mutual Ins. Co.*, 46 N. Y. Supr. Ct. 65 ; *Borland* v. *Mercantile Mut. Ins. Co.*, id. 43 ; *Strum* v. *Atlantic Ins. Co.*, 38 id. 281, 315.) No evidence being given on the part of plaintiffs showing seaworthiness on the facts presented, they not being sufficient to sustain a verdict in favor of plaintiffs, it was the duty of the court to dismiss the complaint. (*Wilds* v. *Hudson R. Co.*, 24 N. Y. 430 ; *Babcock* v. *Libbey*, 82 id. 144, 150.)

Miller, J. Upon the trial of this action, the complaint was dismissed by the judge on motion of defendant's counsel upon the ground that the proof did not show that the vessel in which the coal was transported was seaworthy, which the policy of insurance required her to be. In every case of marine insurance there is an implied warranty of seaworthiness on the part of the insured, and if the vessel is not seaworthy the policy does not attach. (1 Arn. on Ins. 652, 667 ; 2 Pars. on Cont. [5th ed.] 375 ; *Allison* v. *Corn Exchange Ins. Co.*, 57 N. Y. 87 ; *Draper* v. *Commercial Insurance Co.*, 21 id. 378 ; *Howard* v. *Orient M. Ins. Co.*, 2 Robt. 539.)

This warranty of seaworthiness is a condition precedent, the performance of which must, to entitle the plaintiff to recover, be alleged and proved by him ; and if it appears that the vessel, shortly after sailing, became leaky, unfit to perform the voyage, or sinks, without encountering any peril or storm, this is presumptive evidence of unseaworthiness. (2 Arn. on Ins. 1345.)

In the case at bar the proof shows that the boat on which the cargo was, upon which the loss is claimed, within twenty-four hours after sailing, is found abandoned by master and crew, in a sinking condition, and soon after sinks and goes down, "acting," as testified to by one of the witnesses, "as if

she broke in two as she was going down," and there is no evidence of any storm, or that she encountered any extraordinary peril.

The facts presented bring the case within the rule above stated, and it is very manifest that upon no sound principle of law can it be held that, under the circumstances, the vessel was seaworthy. Although the question has never been decided in this court, yet the distinct point was presented in the New York Superior Court in the case of *Wright* v. *Orient Mutual Ins. Co.* (6 Bosw. 269). In that case where a vessel sailed in the morning, and was soon after found to be leaking, and in the afternoon put back to port, the jury having found a verdict for the plaintiffs, no violent storm or extraordinary peril being shown, the court set the verdict aside, as contrary to evidence and law, and in violation of the presumption of unseaworthiness arising on such facts. In the case considered there was no evidence introduced on the part of the plaintiffs directly showing that the vessel was seaworthy, even when she started on her voyage. The claim of the plaintiffs to the contrary is without merit. The testimony of Mr. Lawrence, which is relied upon by the appellants, does not establish that the boat was seaworthy. He testified that he thought the boat was capable of carrying what coal she had on. This was not enough to establish seaworthiness in the face of the fact that within twenty-four hours after she started, without any apparent cause or reason, she sank at the dock where she was moored. Nor does the fact that she had performed other voyages safely prove her seaworthiness in contradiction of the testimony showing her loss and destruction. It cannot be said that a vessel, which, after a voyage of two or three hours, without encountering any danger or peril, sinks and disappears, was sound and seaworthy. As the case stood upon the evidence given, it is very clear that the court were entirely justified in dismissing the complaint.

The claim of the appellants that the loss of the vessel was occasioned by one of the perils insured against in the policy rests upon the assumption that seaworthiness was proved at

the inception of the voyage. As we have seen, this is fallacious and not sustained by the evidence. Conceding, as is claimed by the appellants' counsel, that the presumption that the perils of the sea were inadequate to produce the loss may be rebutted by proof that the vessel was actually seaworthy when she sailed, the answer is that no such proof was offered or introduced upon the trial, and no request made to go to the jury upon the evidence.

The plaintiffs claim that, it appearing that the loss of the cargo was not occasioned by any of the excepted causes contained in the policy, they should be entitled to recover upon the facts in this case, whether the loss was occasioned by the perils of the sea or not. We think there is no force in this position, and the policy contained no language which authorized a recovery under the facts proven. This point was not raised specifically upon the trial, and the complaint was dismissed by the judge on the ground already stated.

There was no error upon the trial, and the judgment should be affirmed.

All concur.

Judgment affirmed.