FREDERICK G. VAN VLIET *et al.*, Respondents, *against* THE GREENWICH INSURANCE COMPANY OF THE CITY OF NEW YORK, Appellant.

(Decided April 2d, 1888.)

In an action on a policy of marine insurance, to recover for an injury to cargo, the burden is on the insured to prove the seaworthiness of the vessel, and that the loss was within the perils insured against. Proof that the goods were in a damaged condition when landed is not sufficient to entitle plaintiff to recover.

APPEAL from a judgment of this court entered upon the verdict of a jury and from an order denying a motion for a new trial.

The action was brought to recover for damage to a cargo of malt, on board of the canal boat " George Knight " in transit from Newark to New York, insured by an open policy issued by defendant.

*Osborn E. Bright*, for appellant.

*L. L. Van Allen*, for respondents.

J. F. DALY, J. — There was no proof of any loss within the perils insured against, and no proof of the seaworthiness of the boat. The burden was on the plaintiff, the insured, to prove both.

A motion was made to dismiss the complaint on these grounds at the close of the plaintiff's case, and denied, and exception taken. The proof was not supplied. The burden. of proof is on the insured to show that the loss arose from a peril of the kind insured against (2 Greenleaf Evid. 385, 387 ; 2 Parsons Mar. Ins. 5, 18).

In this case the only evidence was that when the boat was brought in, the malt was in a damaged condition. It is not sufficient to prove that the goods were in a damaged state

when they were landed, to entitle the plaintiff to recover (*Coles* v. *Marine Ins. Co.*, 3 Wash. C. Ct. 159).

As to seaworthiness, the burden of proving it is upon the insured (*Tidmarsh* v. *Wash. F. & M. Co.*, 4 Mason 446; *Moses* v. *Sun Mut. Ins. Co.*, 1 Duer 159). Regardless of the terms of the policy, the *onus* is upon the insured to prove seaworthiness, whether the loss proceeded from a want of it or not (*Rogers* v. *Sun Mut. Ins. Co.*, 14 Jones & S. 65). There are authorities to the contrary collected in Berryman's Digest of the Law of Insurance (see note to page 1450), showing that a different rule is adopted in other states and in England, and was laid down in one case in the United States courts (1 Curtis C. Ct.). But in this state the principle set forth in the cases above cited, that the burden is upon the insured to prove seaworthiness, has been adopted and enunciated in a late case in the Court of Appeals (*Van Wickle* v. *Mechanics' &c. Ins. Co.*, 97 N. Y. 350).

We are bound to follow this authority, and the judgment must therefore be reversed and a new trial ordered, with costs to the appellant to abide event of the new trial.

VAN HOESEN, J., concurred.

Judgment reversed and a new trial ordered, with costs to appellant to abide event.