CHARLES F. BERWIND et al., Appellants, *v.* THE GREENWICH INSURANCE COMPANY, Respondent.

In an action upon a time policy of marine insurance upon a canal-boat, issued July 5, 1883, which expressly excepted "perils and losses from rottenness, inherent defects and other unseaworthiness," it appeared that the boat was repaired on August twenty-eighth, and was then in good seaworthy condition. There was no proof as to its condition after that time. It was employed in transporting coal. It left port loaded with coal on October nineteenth, and the next morning, in fair weather and smooth water, while being towed by a steam tug, suddenly sprung aleak and immediately sunk. The boat was old and subjected to heavy strains, and one of plaintiffs' witnesses testified that it might be strained in loading or unloading, and that one heavy cargo might render it unseaworthy. *Held*, that plaintiffs were properly nonsuited; that it was at least incumbent upon them to show that the boat was seaworthy when she left upon her last trip.

*It seems* that, where it appears that a vessel, shortly after sailing, becomes leaky and sinks without encountering any peril or storm, this is presumptive evidence of unseaworthiness.

Reported below, 21 J. & S. 102.

(Argued April 17, 1889; decided April 23, 1889.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 4, 1886, which affirmed a judgment in favor of defendant, entered upon an order dismissing the complaint.

This action was upon a policy of marine insurance.

The material facts are stated in the opinion.

*George Bethune Adams* for appellants: Notice was proved as a matter of law, or, in any event, it became a question for the jury. (*Bennett* v. *L. C. M. Ins. Co.*, 67 N. Y. 274; *Griffey* v. *N. Y. C. F. Ins. Co.*, 100 id. 417.) The question of seaworthiness of the vessel was for the jury. (*Walsh* v. *W. Ins. Co.*, 32 N. Y. 431.) The presumption usually is in favor of seaworthiness, but where a vessel sinks without apparent cause and there is no proof of her seaworthiness, a presumption of unseaworthiness arises; but even that is a question for the jury. (*Guy* v. *Citizens' Mut. Ins Co.*, 30 Fed. Rep. 695;

*Justice* v. *Lang*, 52 N. Y. 328; *Pickup* v. *T. & M. M. Ins. Co.*, 4 Aspinwall's Maritime Cases, 43; 3 L. R., Q. B. Div. 594; 47 L. J., Q. B. Div. 749; 39 L. T. [N. S.] 341; 26 W. R. 689; 2 Arnould, 666, 667; McArthur on Contracts of Marine Insurance, 28; *Watson* v. *Clark*, 1 Dow. 366; Lowndes on Law of Marine Ins. 100, 101; *Anderson* v. *Morice*, L. R., 10 C. P. 58, 610; *Patrick* v. *Hallet*, 1 Johns. 241; *Borland* v. *M. M. Ins. Co.*, 46 Supr. Ct. 433; *Moses* v. *S. M. Ins. Co.*, 1 Duer, 159; *Van Wickle* v. *M.*, etc., *Ins. Co.*, 2 N. Y. 350; 2 Arn. on Ins. 1345; *Wright* v. *O. M. Ins. Co.*, 6 Bosw. 269; *Moores* v. *Louisville Underwriters*, 14 Fed. Rep. 226–236; *The Vincennes*, 3 Ware, 175.) In a time policy, a warranty of seaworthiness is complied with if the vessel be seaworthy at the commencement of the risk. (*Hathaway* v. *S. M. Ins. Co.*, 8 Bosw. 63; *Union Ins. Co.* v. *Smith*, 124 U. S. 427; *American Ins. Co.* v. *Ogden*, 20 Wend. 287; *Peters* v. *Phœnix Ins. Co.*, 3 S. & R. 25; *Paddock* v. *F. Ins. Co.*, 11 Pick. 227; *Starbuck* v. *N. E. M. Ins. Co.*, 19 id. 198; *Adderly* v. *A. M. Ins. Co.*, Taney's Dec. 126; *Copeland* v. *N. E. M. Ins. Co.*, 2 Met. 432.; *Capen* v. *W. Ins. Co.*, 12 Cush. 517; *M. M. Ins. Co.* v. *Sweet*, 6 Wis. 670; *Howie* v. *P. M. Ins. Co.*, 7 Allen, 211; *Rouse* v. *Ins. Co.*, 3 Wall., Jr., 367; *Schloss* v. *Heriot*, Week. Rep. [1864, 1865] 596.) If a vessel be not heard of for so long a time after sailing that there remains no reasonable hope of her safety, she is presumed to have foundered at sea and the insurers are liable for the loss. (*Gordon* v. *Browne*, 2 Johns, 150; *Brown* v. *Neilson*, 1 Caines, 525; Lowndes on Marine Ins. 108; 1 Parsons on Marine Ins. 547.) It was not necessary that the plaintiffs should request that the facts be submitted to the jury. (*Stone* v. *Flower*, 47 N. Y. 566; *Frecking* v. *Rolland*, 53 id. 422; *Train* v. *Holland Co.*, 62 id. 598; *Clemence* v. *City of Auburn*, 66 id. 334; *Trustees*, etc., v. *Kirk*, 68 id. 459.) There having been an actual total loss, no abandonment was necessary, but if one was necessary, it was in time. (*Currie* v. *B. N. Ins. Co.*, L. R., 3 P. C. 72; Arnould on Marine Ins. 920.)

*Wilhelmus Mynderse* for respondent. The plaintiffs are not aided by any supposed difference in the rule as to implied warranties of seaworthiness in respect to voyage policies as distinguished from time policies, because here the stipulation is express, and is a part of the contract of insurance. But even in respect to time policies the assured must keep the vessel seaworthy. (2 Parsons on Maritime Law, 147; *American Ins. Co.* v. *Ogden*, 20 Wend. 287, 296; *Capen* v. *W. Ins. Co.*, 12 Cush. 517.) The fact that the canal boat was sunk without any stress of weather, and without any apparent cause appearing in the plaintiffs' proofs, establishes her unseaworthiness. (*Van Winkle* v. *M. and T. Ins. Co.*, 48 Super. Ct. Rep. 95; 97 N. Y. 350; *Wright* v. *O. Ins. Co.*, 6 Bosw. 269; *Paddock* v. *F. Ins. Co.*, 11 Pick. 227, 235, 237; *Walsh* v. *W. Ins. Co.*, 32 N. Y. 436.) The complaint was properly dismissed on the ground of the failure of the plaintiffs to give prompt notice of the loss to the insurers, as required by the terms of the policy. (*Barwell* v. *R. Ins. Co.*, 48 Ind. 460; *Hovey* v. *A. M. Ins. Co.*, 2 Duer, 554.) The condition of the policy contained in the "labor and travel clause" required the plaintiffs to do all in their power for a recovery of the vessel. (*Beckwith* v. *Whalen*, 5 Lans. 576; *Spinner* v. *N. Y. C. & H. R. R. R. Co.*, 67 N. Y. 153.) The failure of plaintiffs to give proof of any abandonment was a good ground for dismissal of the complaint. (*Beckwith* v. *Whalen*, 5 Lans. 576; *Spinner* v. *N. Y. C. & H. R. R. R. Co.*, 67 N. Y. 153.)

Brown, J. Upon the trial of this action the complaint was dismissed upon the grounds, first, that the proof failed to show the seaworthiness of the vessel at the time of the loss; and, second, that plaintiffs had failed to give to defendant prompt notice of the disaster. The action was upon a time policy issued by the defendant, whereby it insured the plaintiffs upon the canal boat "Eureka" for the term of one year from July 5, 1883. The particular perils issued against were of the "inland lakes, rivers, canals, and fires," excepting perils and losses

arising from rottenness, inherent defects and other unseaworthiness." The evidence introduced by the plaintiffs showed that the boat was seaworthy at the inception of the policy. It further showed that it was repaired on July twenty-eighth and on August twenty-eighth, and at the latter date was in good order and in a seaworthy condition. That from the last named date it was employed in transporting coal from South Amboy to New York city carrying about two hundred and forty tons in a load and making a round trip between the points named about once a week. That it left South Amboy in the evening of October nineteenth loaded with coal, and about three o'clock on the morning of the following day, while being towed by a steam tug near Governors Island, in New York bay, suddenly and unaccountably sprung aleak and immediately sank. It was also proved that it was the captain's duty to report any defect in, or needed repairs to the boat to the plaintiffs' superintendent, and that none had been reported, and there was no proof as to her condition subsequent to August twenty-eighth. The captain was not called as a witness and no explanation was given for his absence from the trial.

In every case of marine insurance by a general policy covering all perils of the sea, where the vessel insured is in port, there is an implied warranty that the vessel is seaworthy at the inception of the policy. It is a condition precedent to the risk, and if the vessel is not seaworthy, the policy does not attach. In an action to recover for a loss upon such a policy, where the fact of seaworthiness at the time of issuing the policy is shown, it is immaterial what the vessel's condition is thereafter during the voyage, as loss from unseaworthiness is among the perils insured against.

The plaintiffs, under such a policy, make out a *prima facie* case by showing seaworthiness at the inception of the risk. But in time polices there is implied a warranty that the vessel will be kept in repair and made seaworthy at all times during the continuance of the risk, so far as that is reasonably possible, and this implied covenant imposes upon the insured the duty of active diligence to keep the vessel in good order

and in a seaworthy condition. (2 Parsons on Maritime Law, 147, and cases cited in note on page 148, etc.) It is doubtless true that, under a general time policy insuring against all perils of the sea, unseaworthiness subsequent to the attaching of the policy is a defense, the burden of proving which is upon the defendant, and that the plaintiffs need offer no proof thereof as a part of their case, but in the policy in suit loss from unseaworthiness is among the excepted risks, and it was, therefore, incumbent upon the plaintiffs to show that the loss arose from some of the perils covered by the policy; and to make out their case some evidence was necessary from which the jury could infer that the sudden sinking of the boat was not due to defective structure or condition.

In determining whether the trial court properly disposed of the complaint on this ground, it is not necessary to go to the extent of the learned General Term and hold that the boat must be shown to be seaworthy when lost, but it certainly was necessary for plaintiffs to show that it was seaworthy when it left South Amboy on its last trip to New York. At that point the boat was without cargo, and full and ample opportunity existed, with very slight inspection, to ascertain whether her hull was tight and capable, with the cargo she was to take on board, to navigate the waters of New York bay. The question for the trial court to determine, therefore, was whether the jury would have been justified, from the evidence before it, in inferring that when the boat left South Amboy it was in a seaworthy condition. We think the evidence did not warrant such a conclusion. There was no evidence of her condition for two months prior to the disaster, and it affirmatively appeared that the boat was old and subjected to heavy strains, and one of the plaintiffs' witnesses testified that it might be strained in loading or unloading, and one heavy cargo might render it unseaworthy. It appeared that it sprang a leak suddenly, and sank in fair weather and smooth water. Under such facts no recovery can be had.

If it appears that the vessel, shortly after sailing, becomes leaky and unfit to perform her voyage, and sinks without

encountering any peril or storm, this is presumptive evidence of unseaworthiness. °(2 Arnould on Ins. 1345 ; *Van Wickle* v. *Mechanics and Traders' Ins. Co.*, 97 N. Y. 350 ; *Wright* v. *Orient Mutual Ins. Co.*, 6 Bosw. 269.)

The plaintiffs might have rebutted this presumption by showing the cause of the disaster, or, if that was impossible, by showing that the boat was in good condition before it was loaded at South Amboy, but having rested their case without proof of any kind on this point, the court properly held that there was no question for the jury, and that the presumption of unseaworthiness from the sudden sinking of the vessel was conclusive.

Our conclusion upon this branch of the case renders unnecessary any discussion of the question whether the condition of the policy requiring prompt notice of the disaster to be given to the defendant was complied with. The case was properly disposed of at the trial, and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.