STARBUCK et al. v. PHENIX INS. CO. OF BROOKLYN.

(Supreme Court, Appellate Division, First Department.   June 11, 1897.)

1. MARINE INSURANCE—SEAWORTHINESS OF VESSEL.
    It is a question of fact whether a vessel is unseaworthy because it is so
    constructed that water flowing into a certain part of it, which could hap-
    pen only from exceptional causes, could not be pumped out.

2. SAME—PERILS OF SEA.
    A loss caused by water entering a water-tight compartment through an
    open deadlight is caused by a peril of the sea.
    Williams, J., dissenting.

Action by Matilda E. Starbuck, as executrix, and the Farmers'
Loan & Trust Company, as executor, of William H. Starbuck, de-
ceased, against the Phenix Insurance Company of Brooklyn, N. Y., on
a marine insurance policy.   The complaint was dismissed at the close
of plaintiffs' case, and plaintiffs move for a new trial on exceptions
ordered to be heard by the appellate division in the first instance.
Granted.

Upon a former trial of this action, the plaintiffs recovered a verdict against
the defendant for the amount claimed.   From the judgment entered upon such
verdict the defendant appealed to this court, where the judgment was reversed
and a new trial granted.   10 App. Div. 198, 41 N. Y. Supp. 901.   On the new
trial, at the close of the plaintiffs' evidence the complaint was dismissed, and
it is upon the exceptions taken to such dismissal that this motion is based.
The action was to recover a claim for an adjusted loss covered by a marine
insurance policy upon the steamship Queen of the Pacific, issued by the
defendant.   It was a time and valued policy, in the usual form, and expressly
covered barratry of the master and mariners of the vessel.   No question was
raised but that the plaintiffs, if entitled to recover at all, were entitled to the
amount sued for.   Upon the pleadings at each trial two issues were presented:
First, was the vessel seaworthy at the commencement of the risk and at the
inception of the voyage on which the loss occurred?   And, second, was the
loss occasioned by force of the winds and waters, within the perils insured
against?   Upon the latter issue the allegation of the complaint is, "Said steam-
ship and her said cargo became and were by the force of the winds and the
waters and the perils of the sea stranded, wrecked, and partially lost, and
sustained and suffered losses and damages, * * * within the perils in-
sured against."

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS,
O'BRIEN, and INGRAHAM, JJ.

George H. Adams, for plaintiffs.
R. D. Benedict, for defendant.

O'BRIEN, J.   Unless there is a substantial difference between the
proof adduced upon this trial and upon the former, where a reversal
was ordered by this court for the reasons stated in the opinion, it
was error to dismiss the complaint.   Upon the first question, as to
whether the vessel was seaworthy, it is insisted by the defendant
that the difference in the testimony now adduced consists in a show-
ing that there were no scuppers or pipes or connection between the
starboard midship alleyway, into which the water came through the
deadlight, and any other part of the vessel where the ship's pumps
or facilities for pumping would reach and remove the water;   the
argument being that, as the evidence was undisputed that the vessel

was sunk by the water which thus came in being unable to reach the pumps, the conclusion would follow that the vessel was unseaworthy. It is true that upon the former appeal it was said that the evidence was not conclusive upon the question of whether there were or were not pipes or connections between this starboard alleyway and portions of the vessel that could be reached by the pumps. But the other question also appeared in the case, and was discussed, as to whether a vessel constructed as this was, with a deadlight·opening into an alleyway which, when the doors were closed, should have been a water-tight compartment, was or was not seaworthy; and this, upon the evidence, which is the same now as upon the former trial, we held to have been a question for the jury, for the reason that it appeared that, although the experts examined stated that there should be such pipes or scuppers to enable any water that entered the alleyway to flow into the hold, where it could be reached by the pumps, such witnesses did not testify that a vessel without such connections was unseaworthy. It should be remembered, moreover, that the damages arose from the exceptional cause,—one not likely to be anticipated or guarded against,—viz. the opening, either by accident or design, of a deadlight situated above the water line of the vessel, which allowed water to flow into what may have been constructed as a water-tight alleyway. Whether a vessel constructed in such a manner that pumps could not be utilized to free a particular part·of it from water which flowed into it from exceptional causes is or is not seaworthy cannot be determined, as a matter of law, without proof, and without disposing of it as a question of fact.

It is, however, upon the second ground that the defendant places most reliance, claiming that there was no determination upon the former appeal that the loss was one due to a peril of the sea. Though this question was not formally discussed in the opinion, it was necessarily considered, because it was directly presented; and our attention was then called, as it is upon this appeal, to what losses are to be regarded as occasioned by perils of the sea, and to authorities in support of the two diverse views entertained by the parties here as to the meaning and extent of the expression "perils of the sea." The defendant then urged, as it does still, that, as to underwriters, "they insure against losses from extraordinary circumstances only, such as stress of weather, winds and waves, lightning, tempest, rocks, etc. These are understood to be the perils of the sea referred to in the policy, and not those ordinary perils which every vessel must encounter." Hazard v. Insurance Co., 8 Pet. 585. On the other hand, we have presented by the plaintiffs the comments made upon the Hazard Case in Arnold on Marine Insurance (volume 2, p. 356), where that author discusses that and many other cases; and in speaking of the meaning and extent of the expression "perils of the sea," and also the final clause, as to "other perils, losses, misfortunes," etc., he says generally that the term "peril of the sea" embraces all kinds of marine casualties, such as shipwreck, foundering, stranding, etc., and "every species of damage to the ship or goods at sea by the violent and immediate action of the winds and sea not comprehended in the ordinary wear and tear

of the voyage." Without deeming it necessary to discuss all the different cases presented upon the former appeal and on this, we may adopt the view that "damage done to a vessel by perils of the sea includes every species of damage done to the vessel at sea by the violent and immediate action of the winds or waves or both, as distinct from the ordinary wear and tear of the voyage, and as distinct from injuries suffered by the vessel in consequence of her not being seaworthy at the outset of her voyage, or afterwards, under circumstances in which the master was guilty of negligence in not making her seaworthy." Bullard v. Insurance Co., 1 Curt. 149, Fed. Cas. No. 2,122. In the case of The Sylvia, 15 C. C. A. 362, 68 Fed. 230, the loss was occasioned by water entering a watertight compartment between decks through a deadlight. In that case and in this the deadlights were of the same construction, and the compartment was similarly located between decks; and it was therein said that the loss thus occasioned was one of the perils of the sea insured against, and covered by the policy. It will thus be seen that every question raised upon this hearing was argued and decided adversely to the defendant on the former appeal, and that there is no such change in the record as to justify a dismissal of the complaint, because, until the former decision was reversed or modified, it was controlling upon the trial judge, as upon this appeal it is controlling upon us.

· · The exceptions should be sustained and a new trial ordered, with costs to the plaintiffs to abide the event. All concur except WILLIAMS, J., dissenting.