| 34 | 293 |
| 547 | 621 |

MATILDA E. STARBUCK, as Executrix, and the FARMERS' LOAN AND TRUST COMPANY, as Executor, of the Last Will and Testament of WILLIAM H. STARBUCK, Deceased, Respondents, *v.* THE PHENIX INSURANCE COMPANY of Brooklyn, N. Y., Appellant.

*Marine insurance — unseaworthiness of the vessel at the commencement of the voyage — it does not preclude a recovery on a time policy.*

Although in the case of a time marine policy of insurance the mere fact that the vessel was unseaworthy at the commencement of the voyage does not necessarily preclude a recovery, yet, in an action brought to enforce the policy, the defendant is entitled to have the jury charged " that, if it appears that a vessel shortly after sailing becomes leaky and unfit to perform her voyage and sinks without encountering any peril or storm, this is presumptive evidence of unseaworthiness of the vessel at the beginning of the voyage."

APPEAL by the defendant, The Phenix Insurance Company of Brooklyn, N. Y., from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 7th day of February, 1898, upon the verdict of a jury, and also from an order entered in said clerk's office on the 28th day of January, 1898, denying the defendant's motion for a new trial made upon the minutes.

*Robert D. Benedict,* for the appellant.

*George H. Adams,* for the respondents.

VAN BRUNT, P. J. :

This case has been twice before the Appellate Division (10 App. Div. 198; 19 id. 139) upon substantially similar evidence, and it is not, therefore, necessary to rehearse again the facts as they were disclosed upon the trial. The learned court upon the last trial of the case in its charge laid down some general rules of law and stated some contentions upon the part of the defendant, but seems to have failed to instruct the jury as to the application of these general rules of law to the case at bar, and also to have omitted to inform the jury as to what should be the result should they find any or all of the contentions of the defendant as to the facts to be well founded.

The learned counsel for the defendant made various requests to charge, but in most of them he failed to recognize the distinction existing between voyage and time policies. The 7th request, however, it would seem that the defendant was entitled to have pre-

sented to the jury in the language in which it was couched. That request was as follows: "7th. That, if it appears that a vessel shortly after sailing becomes leaky and unfit to perform her voyage, and sinks without encountering any peril or storm, this is presumptive evidence of unseaworthiness of the vessel at the beginning of the voyage." That this is a correct rule of law seems to be established by the case of *Van Wickle* v. *Mechanics', etc., Insurance Company* (97 N. Y. 354), and although the policy sued upon was a time policy, the mere fact that the vessel was unseaworthy at the commencement of the voyage does not necessarily preclude a recovery. As in the case of a voyage policy, the obligation is thrown upon the plaintiff of showing that by reason of active diligence in reference to repairs she is still entitled to recover. By the refusal to charge this request the defendant was deprived of a presumption which the jury were bound to consider. This was an error prejudicial to the defendant, and there must, consequently, be a new trial.

The judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide event.

PATTERSON, O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.