STARBUCK et al. v. PHENIX INS. CO. OF BROOKLYN.

(Supreme Court, Appellate Division, First Department.   November 11, 1898.)

1. MARITIME INSURANCE—UNSEAWORTHINESS.

Though the policy sued on is a time policy, and in such case the fact that the vessel was unseaworthy at commencement of the voyage does not necessarily preclude recovery, plaintiff is bound, in case of such unseaworthiness, to show active diligence in reference to repairs.

2. SAME—INSTRUCTION.

Defendant is entitled to an instruction, even in action on a time policy, that the fact of a vessel, shortly after sailing, becoming leaky, and unfit to perform her voyage, and sinking, without encountering any peril or storm, is presumptive evidence of unseaworthiness at beginning of the voyage.

Appeal from trial term, New York county.

Action by Matilda E. Starbuck and others, executors of William H. Starbuck, deceased, against the Phenix Insurance Company of Brooklyn. From a judgment on a verdict for plaintiffs, and from an order denying a motion for a new trial, defendant appeals.  Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

R. D. Benedict, for appellant.

G. H. Adams, for respondents.

VAN BRUNT, P. J.  This case has been twice before the appellate division (10 App. Div. 198, 41 N. Y. Supp. 901; 19 App. Div. 139, 45 N. Y. Supp. 995), upon substantially similar evidence, and it is not therefore necessary to rehearse again the facts as they were disclosed upon the trial.  The learned court upon the last trial of the case, in its charge, laid down some general rules of law, and stated some contentions upon the part of the defendant, but seems to have failed to instruct the jury as to the application of these general rules of law to the case at bar, and also to have omitted to inform the jury as to what should be the result should they find any or all of the contentions of the defendant as to the facts to be well founded.

The learned counsel for the defendant made various requests to charge, but in most of these he failed to recognize the distinction existing between voyage and time policies.  The seventh request, however, it would seem that the defendant was entitled to have presented to the jury in the language in which it was couched. That request was as follows:.

"(7) That, if it appears that a vessel, shortly after sailing, becomes leaky, and unfit to perform her voyage, and sinks, without encountering any peril or storm, this is presumptive evidence of unseaworthiness of the vessel at the beginning of the voyage."

That this is a correct rule of law seems to be established by the case of Van Wickle v. Insurance Co., 97 N. Y. 354; and although, the policy sued upon being a time policy, the mere fact that a vessel was unseaworthy at the commencement of the voyage does not necessarily preclude a recovery, as, in the case of a voyage policy, the obligation is thrown upon the plaintiff of showing that, by rea-

son of active diligence in reference to repairs, she is still entitled to recover. By the refusal to charge this request, the defendant was deprived of a presumption which the jury were bound to consider.. This was an error prejudicial to the defendant, and there must consequently be a new trial.

The judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.