FREDERICK A. BORGEMEISTER and Another, Plaintiffs, *v.* UNION INSURANCE SOCIETY OF CANTON, LIMITED, Defendant.

City Court of New York, February 1, 1926.

Insurance — marine insurance — action for damage to part of shipment of rubber — damage was caused by water — no proof that entire damage was caused by sea water — clause " perils of the seas " includes fortuitous accidents or casualties of sea — clause " and all other perils, losses and misfortunes " does not enlarge liability — burden of showing casualty not sustained by mere proof of condition of cargo on arrival — warranty " free from particular average unless the vessel or craft be stranded, sunk, or burnt " precludes recovery.

In an action on a marine insurance policy to recover damage to a part of a shipment of rubber alleged to have been caused by water, in which the evidence does not show that the entire damage was caused by sea water, a clause in the policy insuring against " perils of the seas " is construed to impose liability for all fortuitous accidents or casualties of the sea and not those which are occasioned only by uncommon causes, and the clause " and all other perils, losses and misfortunes " does not enlarge the liability of the insurer, save to the extent of having the policy cover all damage of the like kind with those perils specifically enumerated.

The plaintiffs failed to sustain the burden of showing that the damage was caused by a casualty of the sea, and the mere proof that the rubber was damaged by water is not of itself sufficient to show that the presence of the water was caused by a sea peril. Furthermore, the condition of the cargo when landed does not raise the inference that the damage resulted from a sea peril or casualty of the sea. The plaintiffs must establish that the damage was caused by a peril *of* the sea and it is not sufficient to show that it was caused by a peril *on* the sea.

But, assuming that the damage was caused by a peril of the sea, an express warranty in the policy that plaintiffs " Warranted free from particular average unless the vessel or craft be stranded, sunk or burnt " precludes a recovery in

this case for partial loss, since the vessel was not stranded, sunk or burned, and a further stipulation written or printed across the face of the policy " To pay average irrespective of percentage " does not give the plaintiffs the right to recover.

ACTION on policy of marine insurance to recover for damage to part of shipment of rubber.

*Kirlin, Woolsey, Campbell, Hickox & Keating,* for the plaintiffs.

*Bigham, Englar & Jones,* for the defendant.

SHIENTAG, J.   The plaintiffs, to whom loss was payable under a policy of marine insurance issued by the defendant insurance company, sue to recover for alleged damage to part of a shipment of rubber.   The rubber was shipped from Singapore to New York on the vessel *Kazembe.*   It was in good condition at the time of shipment, but was found, on arrival at port of. destination, to be damaged.   The damage was caused by water.   The parties are not agreed as to whether such water damage was due to exposure to rain prior to loading into the vessel, or to sea spray while on lighters at point of shipment, or to the presence of sea water in the hold of the ship during transportation.   The testimony, however, indicates that each of the foregoing caused part of the damage. No facts or circumstances are shown as to what the cause of the damage was other than that it was caused by water.   The policy with respect to the damage insured against reads as follows: " Touching the adventures and perils which the said Union Insurance Society of Canton, Limited, are content to bear, and to take upon them in this voyage: They are of the seas, men of war, fire, enemies, pirates, rovers, thieves, jettisons, letters of mart and counter mart, surprisals, takings at sea, arrests, restraints, and detainments of all kings, princes and peoples, of what nation, condition or quality soever, barratry of the master and mariners and of all other perils, losses and misfortunes, that have or shall come to the hurt, detriment, or damage of the said goods and merchandise, or any part thereof."

The term " perils of the seas " is equivocal.   In its broadest sense it means all dangers arising upon the seas.   In a more restricted sense it may be interpreted as including only such dangers as are of a marine character or peculiar to the sea.   A further limitation in defining the term confines its meaning to such extraordinary, irresistible or inevitable occurrence on the sea, which cannot be guarded against by the ordinary exercise of human skill and prudence.   In construing the term as used in policies of marine insurance the courts have not been in accord.   While it has been held that " perils of the seas " are not the ordinary perils every

vessel must encounter, but are extraordinary occurrences, such as stress of weather, wind and waves, lightning, tempests, rocks, etc. (*Hazard* v. *New England M. Ins. Co.*, 8 Pet. 557, 585; 8 L. Ed. 1043; *Arbib & Houlberg, Inc.*, v. *Second Russian Ins. Co.*, [C. C. A. 2d Cir.] 294 Fed. 811), other cases have indicated that the phrase implies not only extraordinary perils, but covers all cases of marine casualties due to the fortuitous action of the seas. (*Cary* v. *Home Ins. Co.*, 235 N. Y. 296, 300; *Clinchfield Fuel Co.* v. *Ætna Ins. Co.*, 121 S. C. 305.) It seems that the trend of modern authority is to the view that all fortuitous accidents or casualties of the sea are included within the term; that it embraces all casualties and not those which are occasioned only by uncommon causes, such as extraordinary violent action of the wind and waves. But, in all events, it is evident that to constitute a sea peril the cause of the loss must be a fortuitous accident or casualty of the sea.

The phrase " and all other perils, losses and misfortunes " does not enlarge the liability of the insurer, save to the extent of having the policy cover all damage of the like kind with those perils specifically enumerated and occasioned by similar causes. (*Moses* v. *Sun Mutual Ins. Co.*, 1 Duer, 159; 4 Joyce Ins. [2d ed.] 4554; 38 C. J. § 301, p. 1109.)

Here part of the cargo was damaged by water. The mere presence of water in the hold or on the goods, whether it be rain or sea water, is not of itself sufficient to show that such presence was due to a sea peril. True, the cargo was wet; but this does not raise the presumption that the damage was caused by the fortuitous action of the sea. Manifestly, it would be mere conjecture to assume, simply from the fact that damage was done by water, that, therefore, it was occasioned by a marine casualty. There was no proof that storm or stress of wind or other cause was the proximate cause of the damage, and hence the efficient cause of the presence of water in the hold or on the cargo was not shown. It may have been due to neglect of the master of the ship and must not necessarily be held to have been due to a sea peril.

The burden is on plaintiffs to show that the loss occurred as the result of a peril insured against. (*Green* v. *Globe & Rutgers Fire Ins. Co.*, 200 App. Div. 343.) The condition of the cargo when landed does not raise the inference that the damage resulted from a sea peril, but the burden rests upon plaintiff of proving the fact. (*Perry* v. *Cobb*, 88 Me. 435.) The peril must be a sea damage, occurring at sea; a peril of the sea. A peril on the sea is not enough. (*Cary* v. *Home Ins. Co.*, *supra.*) Plaintiffs have not sustained the burden cast upon them of showing the damage was due to a peril of the sea.

But, even assuming that the damage was caused by a " peril of the sea," I am of opinion that plaintiffs could not recover. The policy also contained the following express warranty: " (9) Warranted free from particular average unless the vessel or craft be stranded, sunk, or burnt.   *   *   * "

The memorandum clause in the policy reads as follows: " Salt, saltpetre, sugar, jagry, rice, corn, flour, ghee, seed, grain, tobacco, hides, skins and spirits and other liquors are warranted free from particular average under *ten per cent.*, tea and silk under *three per cent.*, and all other goods free of average under *five per cent.* unless general or occasioned by the vessel being stranded."

On the face of the policy, either typewritten or placed thereon with a rubber stamp, was the following: " To pay average irrespective of percentage." Under the above warranty it is clear that plaintiffs could not recover for any partial loss, unless they showed that the vessel was stranded, sunk or burned. By the memorandum clause the liability of the insurer was further restricted, so as to exempt it from liability for partial loss on the articles enumerated in said clause, unless the amount of such partial loss was at least the percentage therein specified.

Plaintiffs contend, however, that the typewritten or stamped words, " To pay average irrespective of percentage," superseded the provision whereby the defendant was liable for partial loss only if plaintiff proved the vessel to have been stranded, sunk or burned, whereas defendant's claim is that these words are merely a modification of the memorandum clause in the policy which made payment of average on certain classes of goods depend on the percentage of damage. While it is true that a policy of an insurer containing its own words must be strongly construed against it and that an interlineation written or stamped on the face of a policy takes precedence over the printed words, yet it is only where a repugnancy exists between the written and printed matter that the written will prevail over the printed. The words " to pay average irrespective of percentage " clearly relate to the memorandum clause making the payment of average dependent upon a percentage of damage, and its purport is to eliminate the dependency of the payment of average upon the percentage of damage. The two clauses are in *pari materia* and should be read together. The stamped matter merely operated to qualify the memorandum clause by allowing recovery for any partial loss which under said memorandum clause could not otherwise be had. The printed matter, so far as the clauses are in anywise repugnant, yielded to the written or stamped matter. There is nothing in the stamped words inconsistent with or repugnant to the warranty under which defendant

is liable for particular average only if plaintiffs prove the vessel to have been stranded, sunk or burned, and hence such clause remains and must be given full effect.

Both sides having moved for the direction of a verdict, judgment is directed in favor of the defendant. The plaintiffs are given an exception and are allowed ten days' stay and thirty days to make a case. Submit findings on notice.