RUSTAM K. KERMANI, Plaintiff, v. INSURANCE COMPANY OF NORTH AMERICA, Defendant.

City Court of Albany, January 12, 1932.

*Woollard & Cogan [John H. Cogan of counsel], for the plaintiff.*

*Benjamin P. Wheat [Frank Bearup of counsel], for the defendant.*

BERGAN, J. Plaintiff sues upon a contract of insurance which, among other things, indemnifies him against perils of the sea. By the pleadings the principal issue here has been confined to an inquiry whether the damage of which plaintiff complains was a risk assumed by defendant as a " peril of the sea."

In December, 1929, a shipment of rugs consigned to plaintiff in Albany was loaded on a truck at Sultanabad, Persia, and carried to the seaport, Beyrut, Syria, where in February, 1930, the shipment was loaded on the steamship *Byron* and arrived in New York late in the same month, and was taken to the Bush Terminal Warehouse in New York. Thereafter it was discovered that one of the bales of rugs was damaged.

Plaintiff contends that the damage was caused by sea water and he adduces some testimony by an expert to indicate that a specimen

of one of the rugs, immersed, showed the presence of some sodium chloride. This is contradicted by an expert produced by the defendant.

Plaintiff further shows that when the bale in question was opened at the warehouse in New York the rugs were damp and contained a greenish substance, although the outside covering of the bale appeared in good condition. He also produces a certificate received in evidence without objection as to the seaworthiness of the *Byron*.

The court, having heard the conflicting testimony, could not conclude without considerable hesitation that the plaintiff has met the burden of showing that the damage to the bale of rugs was caused by sea water. But accepting this to be true, and that the *Byron* was seaworthy, the court is nevertheless constrained to find that plaintiff has failed to show that the damage was caused by a peril of the sea within the intent of the parties entering into the contract of insurance.

The burden of proof is upon the plaintiff to establish that the damage was caused by a peril of the sea. The mere facts that sea water caused the damage and that the vessel was seaworthy alone are insufficient. If the water was allowed to collect in the hold, or if in some operation of the crew sea water, which is extensively used on shipboard, were allowed to damage some of the cargo, these would not be " perils of the sea."

In *Borgemeister* v. *Union Insurance Society of Canton* (127 Misc. 9), which arose in the City Court of New York, Mr. Justice SHIENTAG, in a somewhat analogous case, carefully reviews the law, and restates the definition of " perils of the sea " made by the Court of Appeals in *Cary* v. *Home Insurance Co.* (235 N. Y. 296, at p. 300), that they are " marine casualties due to the fortuitous action of the seas." They must, however, be casualties or accidents resulting from the action of the seas. " Fortuitous," as defined by Webster, is an event happening by chance or accident. In other words, the " peril of the seas ' is an accident peculiar to marine navigation. It is a casualty.

At page 11 in the *Borgemeister* case the court said: " The mere presence of water in the hold or on the goods, whether it be rain or sea water, is not of itself sufficient to show that such presence was due to sea peril. True, the cargo was wet; but this does not raise the presumption that the damage was caused by the fortuitous action of the sea. Manifestly, it would be mere conjecture to assume simply from the fact that damage was done by water, that, therefore, it was occasioned by a marine casualty."

In *McAllister & Co.* v. *Western Assurance Co.* (218 App. Div.

564) the doctrine that perils of the sea were "accidents or casualties" of the sea was emphasized, and the scope of the rule as to what kind of accident of the sea was included was held to include loss to a barge otherwise seaworthy, when improperly unloaded through no fault of the master. The distinction here lies in the fact that in the case at bar there is no proof or impelling inference of accident or casualty of any character arising from marine hazard.

In the *Cary Case* (*supra*) the court noted (at p. 300) that the proof failed to show the scow encountered any peril of the sea "such as stress of weather, winds and waves, lightning, tempests, rocks." The conclusion there was that her own unseaworthiness rather than peril of the seas caused her loss. There is no more proof in the instant case than there, that the damage was the result of any such casualty. In *Petrie* v. *Phenix Ins. Co.* (132 N. Y. 137) it was established in the evidence that action of the tide, causing the barge to become grounded, was a peril of the sea. But there, of course, was plain proof of the cause of the casualty. The case of *Van Wickle* v. *Mechanics & Traders' Ins. Co.* (97 N. Y. 350) turned upon the implied warranty by the assured in a marine policy that the vessel is seaworthy.

In *Tysen* v. *Moore* (56 Barb. 442) it was held by the General Term that where seaworthiness is shown and it is *established* that the cargo was properly and sufficiently stowed and secured and it is shown that the damage is of a character that shows *it must have occurred* on the voyage, it will be ascribed to a peril of the sea. Plaintiff falls short of that character of proof either as to the manner of stowage to prevent water damage or that the damage is such that it is conclusive that it occurred on the voyage.

The dissenting opinion of Chancellor KENT in *Patrick* v. *Hallett* (1 Johns. 241, at p. 248) is enlightening on the theory that has been followed in the decisions of maritime countries upon the obligation of proof as to perils of the sea. (See, also, *Talcot* v. *Commercial Insurance Co.*, 2 Johns. 124.)

In no case has the plaintiff been excused from proof, either directly or by preponderating circumstances, that the damage was occasioned by a casualty incident to travel at sea.

The court finds as a question of fact that damage to plaintiff's consignment has not been shown to have been due to a peril of the sea.

Complaint dismissed on the merits.