HARRY A. FINE, Plaintiff, *v.* AMERICAN EAGLE FIRE INSURANCE COMPANY OF NEW YORK, Defendant.

City Court of New York, Trial Term, Queens County, December 4, 1941.

*Philip Wolinsky* [*Maurice J. Kries* of counsel], for the plaintiff.

*Bingham, Englar, Jones & Houston* [*Francis X. Nestor* of counsel], for the defendant.

TOWERS, J. This is an action to recover damages to plaintiff's boat, the *To-Ho-Ne.* The defendant issued to plaintiff a standard form of policy of marine insurance. The pertinent portion of the insurance policy in question relied upon reads as follows: "Touching the adventures and perils which we, the assurers, are content to bear and take upon us, they are of the Harbors, Bays, Sounds, Seas and Water as above named, Fire, Explosions, Collision, Assailing Thieves, Jettison, Barratry of the Master and Mariners and all other like marine perils, losses and misfortunes that shall come to the hurt, detriment or damage of the said vessel, or any part thereof." The action was tried before the court, without a jury.

Plaintiff testified that he was notified on the morning of October 9, 1940, that his boat, which was moored at anchorage off a boatyard located at College Point, known as Preiser's Boat Yard, had become partially submerged. He testified that he had not seen

or used the boat since October 6, 1940, at which time he made a short trip on Long Island Sound; that no untoward event occurred during that trip, and that in his opinion there was a wind of approximately twenty-seven miles per hour. His son, a witness, testified that he had been on board the boat a few evenings prior to October ninth and observed nothing extraordinary.

Plaintiff and his witnesses further testified that on discovering the submersion of the boat on October ninth, the said boat was thereupon hauled ashore and upon inspection it was discovered that there was a break in the exhaust outlet, a leak in the intake valve of the toilet, and a break in the chine board of the port side.

Defendant contends that this submersion, without any testimony as to any event or accident which might cause the said submersion does not come under the definition of " peril of the sea."

I am inclined to agree with this contention of the defendant. The fact that a boat might be partially submerged, without any real explanation as to the reason for the same, except that upon inspection certain observations were made as to cracks and leaks, does not in and of itself demonstrate that the boat encountered any hazards which come under the definition of " perils of the sea." Mere reasoning would indicate that to arrive at such a conclusion would be based upon hypothesis, speculation or guess.

As was stated in *Borgemeister* v. *Union Insurance Society* (127 Misc. 9): " The burden is on plaintiffs to show that the loss occurred as the result of a peril insured against. (*Green* v. *Globe & Rutgers Fire Ins. Co.*, 200 App. Div. 343.) The condition of the cargo when landed does not raise the inference that the damage resulted from a sea peril, but the burden rests upon plaintiff of proving the fact. (*Perry* v. *Cobb*, 88 Me. 435.) The peril must be a sea damage, occurring at sea; a peril of the sea. A peril on the sea is not enough. [*Cary* v. *Home Ins. Co.*, 235 N. Y. 296.] Plaintiffs have not sustained the burden cast upon them of showing the damage was due to a peril of the sea."

In *Cary* v. *Home Ins. Co.* (235 N. Y. 296) the court said (p. 299): " The first question that presents itself is whether plaintiffs sustained the burden of proof resting on them and made out a *prima facie* case by showing that the loss arose from some of the perils covered by the policy and not from some of the excepted risks; that capsizing was due to a peril of the sea and was not due to the defective condition of the scow or to improper loading and stowing of the cargo. (*Berwind* v. *Greenwich Ins. Co.*, 114 N. Y. 231, 235.)"

I find that the plaintiff has failed to sustain his burden of proof. I, therefore, direct judgment in favor of defendant, dismissing the complaint upon the merits, after trial.