AMERICAN MOLASSES COMPANY, Plaintiff, *v.* ROBERT S. ROBERT-SON, Individually and as Representative of All Other Underwriters Subscribing Lloyd's London Policy No. 190,348, et al., Defendants.

Supreme Court, Special Term, New York County, February 1, 1950.

*Morton L. Deitch, Milton N. Scofield* and *Howard M. Squadron* for plaintiff.

*Russell T. Mount* and *Wilbur H. Hecht* for defendants.

STEUER, J. Plaintiff moves for summary judgment in an action on an insurance policy. It appears without contradiction that plaintiff was the owner of a cargo of syrup shipped from Cuba to New York on the tanker *Captain Theo*. There was a loss of syrup due to leakage amounting in dollars to $52,539.50 and a further loss due to contamination of $35,704.35. The value of the cargo was $826,133. Defendant has paid this loss excepting the sum of $16,522.66 and it is for this sum that suit is brought. There is also a claim for $352 which is not involved on this motion and plaintiff has agreed to waive this

claim in the event that it succeeds on the balance of its claim.

Defendant's resistance of the claim arises from the presence of certain clauses in the policy. These clauses are: " Subject to Special Conditions and/or warranties as follows: With coverage and all risks whatsoever arising as per H.R. & C.C.'s special clauses, attached. Including leakage, shortage and contamination each in excess of 1% each tank or on the whole." The question arises in connection with the words " each in excess of 1%." Plaintiff contends that these words mean that when there is a loss in excess of 1% defendant will pay all the loss. Defendant's position is that it has agreed to pay, when there is a loss in excess of 1% all of that loss that is in excess of 1%. To further its view plaintiff relies on another clause which reads " All claims payable irrespective of percentage."

On this motion defendant further contends that the meaning it advances as the true meaning represents the intent of the parties and that as it has set forth facts that at least raise an issue this application for summary judgment must fail. This position is well taken if the clauses relied on are ambiguous or subject on technical grounds to different interpretations. If the meaning is clear there is no issue no matter what the parties may have actually had in mind. (See, Restatement, Contracts, § 230, Comment B.) It is plaintiff's contention that the words used have received an absolute definitive meaning by judicial interpretation. If this is so no further excursion into intention is permissible (*Heimerdinger* v. *Schnitzler,* 231 App. Div. 649).

It is true that the first clause set out is in the nature of a " memorandum " clause and that such clauses were originally introduced into policies to free the insurers from small vexatious claims. The wording of such clauses was cryptic in the extreme and conveyed little or no meaning except to the initiated (*New York & Oriental S.S. Co.* v. *Automobile Ins. Co.* 37 F. 2d 461). A long line of English and American cases interpreted these clauses in accord with their purpose rather than in an attempt to decipher their meaning with the result they were held to mean that if the loss exceeded the excepted percentage the entire loss was payable (Arnould, Marine Insurance and Average, p. 38; Eldridge on Marine Policies, p. 110; 6 Couch's Cyclopedia of Insurance Law, p. 4761).

However the wording of such clauses has undergone a development and in several instances clauses were worded with sufficient clarity to forbid the earlier construction and recovery has been limited by deducting the excepted percentage

(*McLaughlin* v. *Atlantic Mut. Ins. Co.* 57 Me. 170; *Phoenix Ins. Co.* v. *De Monchy*, 35 Com. Cas. 67). Conversely stress has been laid on the words " if " and " unless " in clauses where payment is to be made " if in excess " of a certain percentage (*Donnell* v. *Columbian Ins. Co.* 2 Sumn. 366; *C. T. Bowing & Co. Ltd.* v. *Amsterdam London Ins. Co. Ltd.*, 36 Ll. L. R. 309). Where the phraseology leaves the purport open to argument there has been no such complete accord which would render the meaning authoritative and unquestionable (*Kuh* v. *British Amer. Assur. Co.*, 130 App. Div. 38, affd. 195 N. Y. 571).

So that on the first clause standing alone plaintiff has not shown that certainty which precludes the existence of a factual question. Certainly it must be assumed that the words " All claims payable irrespective of percentage " were in the policy for some purpose and the contention that they have reference to the provisions of the clause previously referred to, as would seem apparent, has not been disputed. The presence of two such clauses has only been judicially noted once but the decision is in accord with every concept of interpretation. It was there decided (*Borgemeister* v. *Union Ins. Soc. of Canton*, 127 Misc. 9) that the two clauses must be read together and that when so read the effect of the latter was to limit the former " by allowing recovery for any partial loss which under said memorandum clause could not otherwise be had."

The result is a clear agreement to pay all loss if it exceeds the percentage excepted. This agreement is not amenable to change through evidence of a contrary intent. The clerk is directed to enter judgment accordingly.