(93 Misc. Rep. 149)

HAWKSWORTH et al. v. DURANT.

(Supreme Court, Appellate Term, First Department.   January 14, 1916.)

1. CONTRACTS ⬤══9—REQUISITES—INCOMPLETE AGREEMENT.
      A contract providing that plaintiffs should act as managers for defend-
   ant and another, who were teachers of dancing, that for their services
   they should receive 20 per cent. or less, according to circumstances, to be
   decided upon by mutual agreement, of all money earned by the other par-
   ties by teaching, and from 15 to 25 per cent. of the money earned by ex-
   hibitions, did not fix the terms of compensation, and was not a binding
   contract.
      [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 10–20; Dec.
   Dig. ⬤══9.]

2. PARTIES ⬤══30—DEFENDANTS.
      In an action on such contract, plaintiffs' omission to make the other
   party to the contract, jointly liable thereon with defendant, a party de-
   fendant, was fatal.
      [Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 42–45, 47, 48, 51;
   Dec. Dig. ⬤══30.]

Appeal from City Court of New York, Special Term.

Action by Anna M. K. Hawksworth and another against Basil
Napier Durant.   From an order overruling his demurrer to the com-
plaint, defendant appeals.   Order reversed, and motion of defend-
ant for judgment on the pleadings dismissing the complaint granted.

Argued January term, 1916, before GUY, BIJUR, and GAVE-
GAN, JJ.

Warren McConihe, of New York City, for appellant.

Bridges, Bacon, Aron & Vanderveer, of New York City (Stephen
L. Vanderveer, and Henry W. Bridges, both of New York City, of
counsel), for respondents.

BIJUR, J.   This action was brought to recover upon a contract en-
tered into between plaintiffs, as parties of the first part, and defendant
and another, parties of the second part.   In substance it provided that
the parties of the first part should act as managers for the parties of
the second part in their capacity as teachers of dancing and public
performers in that art.   The third clause of the contract reads as fol-
lows:

   "Third. That for their services as managers as aforesaid the parties of the
first part shall receive twenty (20) per cent. or less according to circum-
stances, to be decided upon by mutual agreement of all moneys earned by the
parties of the second part or either of them by teaching dancing and from 15 to
25 per cent. of all moneys earned by the parties of the second part by exhibi-
tion dancing."

[1, 2] The demurrer was interposed on the ground that the com-
plaint does not state facts sufficient to constitute a cause of action, and
also that there is a defect of parties defendant.   For some reason,
which is not explained, the second ground of demurrer does not ap-
pear to have been passed on by the learned judge below; and as to
the first ground he was of opinion that there was a mutuality of

⬤══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

agreement. It is perfectly manifest that there is a defect of parties defendant, the agreement being joint both as to the parties of the first part and the parties of the second part, and that therefore the omission to make the other party, who is jointly liable with defendant, a party to the action is fatal.

As to the so-called agreement itself, it seems to me to be equally apparent that no terms of compensation have been fixed; it being evidently contemplated in the clause which I have quoted that the agreement was incomplete and that a binding agreement would be made subsequently. There is therefore no agreement. Petze v. Morse Co., 125 App. Div. 267, 109 N. Y. Supp. 328, affirmed 195 N. Y. 584, 89 N. E. 1110; Mayer v. McCreery, 119 N. Y. 434, 23 N. E. 1045.

Order reversed, with $10 costs and disbursements, and motion of defendant for judgment on the pleadings, dismissing the complaint, granted, with costs to appellant. All concur.