Leonard Heimerdinger and Another, Copartners, Doing Business under the Firm Name of Leonard Heimerdinger & Co., Respondents, *v.* Paul C. Schnitzler, Appellant.*

First Department, March 6, 1931.

* Revg. 136 Misc. 814.

*Philip F. Farley* of counsel [*Schnitzler, Thorn & Dayton,* attorneys], for the appellant.

Edwin A. Falk of counsel [*Charles Trynin* with him on the brief], for the respondents.

FINCH, J.   Defendant appeals, by permission, from a determination of the Appellate Term reversing a judgment dismissing the complaint and ordering judgment for plaintiffs.

On June 17, 1929, the defendant purchased from plaintiffs, dealers in unlisted securities, some Mexican bonds, to be paid for on delivery.   The sale was confirmed by a letter of the plaintiffs dated June 17, 1929, reading: " We herewith beg to confirm having sold to you today pesos 20,000 Mexican Silver 5's at 7 3/8 net, sellers sixty days."   Thereafter no further communications were had between the parties until December 2, 1929, when the defendant notified plaintiffs that delivery of the bonds would not be accepted, because of failure on the part of the plaintiffs to make delivery in accordance with the terms of the contract.   The following day the plaintiffs tendered the bonds, but defendant refused to

accept them. The defendant claims that pursuant to the written agreement, delivery should have been made within sixty days. Plaintiffs claim that, under the customs and usages of the Mexican bond market, the term in the written agreement " sellers sixty days " was a special expression, meaning that the seller has the right to deliver the bonds contracted for within the sixty days upon giving twenty-four hours' notice to the buyer, and that when the sixty days have expired without delivery having been made, the buyer has the right to give twenty-four hours' notice and demand delivery. If not delivered within the twenty-four hours, the buyer may then buy the bonds in at the best price obtainable, charging the seller with any excess in cost. If, however, no such demand is made, the seller has the right, in accordance with this alleged custom, to make delivery at any time after sixty days, without notice.

Plaintiffs failed to prove that the foregoing custom, even if established, bound the defendant. Defendant was not a member of any exchange doing business pursuant to this custom. He was a member of the bar. He was not shown to have had personal knowledge of such custom, nor, in lieu of such personal knowledge, was the custom shown to have been so general, uniform and well known that the defendant should be deemed to have had knowledge thereof. (*Rickerson* v. *Hartford Fire Ins. Co.*, 149 N. Y. 307; *Harris* v. *Tumbridge*, 83 id. 92.)

Even had the custom been sufficiently proven, however, it could not have been used for the purpose of altering the legal obligations of the parties to a contract wherein these legal obligations are clearly defined, as in the case at bar. The expression " sellers sixty days " has an ordinary, well-defined meaning. It has been construed as meaning: " The sale made by the plaintiff was optional in the sense that the seller reserved the privilege of delivering the stock at any time within sixty days in pursuance of the contract." (*Sistare* v. *Best*, 88 N. Y. 527.) The written contract, therefore, between the parties is clear. For the purpose of explaining an ambiguity in a contract, the existence of a custom may be proven. It may not, however, be employed to alter clear, legal obligations of the parties to a contract. As was said in *Hart* v. *Cort* (165 App. Div. 583, 584): " That custom may not be shown to contradict the express terms of a contract is conceded. Is it competent to contradict those terms which attach to it by implication of law? I think, both on principle and authority, this question must be answered in the negative."

Custom not being provable, the contract between the parties was breached when the plaintiffs failed to deliver within the sixty days. The judgment of the Municipal Court was, therefore,

correct in dismissing the complaint because of this breach on the part of the plaintiffs.

It follows that the determination of the Appellate Term should be reversed and the judgment of the Municipal Court affirmed, with costs to the appellant in this court and in the Appellate Term.

McAvoy, Martin and O'Malley, JJ., concur.

Determination reversed and judgment of the Municipal Court affirmed, with costs to the appellant in this court and in the Appellate Term.