DUFFIELD & COMPANY, Plaintiff, v. ELMER ELLSWORTH, JR., Also Known as TIFFANY THAYER, CHARLES S. JACOBSEN, Doing Business as FICTION LEAGUE, and Others, Defendants.

Supreme Court, New York County, March 3, 1932.

*Sullivan & Cromwell* [*W. C. Lundgren* of counsel], for the plaintiff.

*Vernon C. Ryder,* for the defendant Elmer Ellsworth, Jr.

*Kaufman & Weitzner* [*Emil Weitzner* of counsel], for the defendants Charles S. Jacobsen and J. J. Little & Ives Company.

*Jerome Eisner* [*Emil Weitzner* of counsel], for the defendants Schulte Retail Store Corporation, D. A. Schulte, Inc., a New York corporation, and D. A. Schulte, Inc., a Delaware corporation.

Dore, J.   Action by plaintiff for a permanent injunction restraining the defendants from publishing a book entitled " Illustrious Corpse " and for an accounting of profits made by the defendants in connection therewith.   Plaintiff's application for a temporary injunction was denied November 1, 1930, and that denial was affirmed by the Appellate Division December 26, 1930 (231 App. Div. 820).   Prior to the trial the book had been published by another publisher and copies sold.   At trial plaintiff consented to dismissal, without costs, as against defendant Schulte Retail Stores Company and also withdrew the prayer for injunctive relief, but demands an accounting from the remaining defendants.   The action is on a written agreement dated June 9, 1930, between plaintiff and defendant Ellsworth, under which plaintiff agreed to publish the book " on a date to be mutually agreed upon " and to pay compensation by way of royalties only from the time of publication, which was expressly reserved for future mutual agreement.   The court is not at liberty to revise a contract while professing to construe it, nor can the express terms of the contract with respect to time be ignored or varied.   The importance of the time element in such a contract is obvious; time of publication may condition and vitally affect success of publication; often it is the determining factor in success.   On this vital and important factor the parties never agreed.   A condition to agree in a reasonable time will be implied only where the contract itself fails to provide for the element of time.   Here there is no such omission; on the contrary, the agreement explicitly provides for publication " on a date to be mutually agreed upon."   In this state of facts the contract was never more than an agreement to agree; it did not create a binding obligation to agree within a reasonable time; and as the record shows no such agreement as to time was in fact ever made, the result is the failure of the contract. (*Sun Printing & Publishing Assn.* v. *Remington Paper & Power Co.,* 235 N. Y. 338; *Clark Paper & Mfg. Co.* v. *Stenacher,* 236 id. 312; *Mayer* v. *McCreery,* 119 id. 434; *Hawksworth* v. *Durant,* 93 Misc. 149, 150; *Smith, Inc.,* v. *Karsch,* 123 id. 948, 949; 1 Williston Cont. § 45, p. 78; Clarke N. Y. Law of Cont. 13.)   In *Clark Paper & Mfg. Co.* v. *Stenacher* (*supra,* 312, 316, 317), where the employment was for a period of time to be mutually agreed upon between the parties, the court said: " No time was ever fixed; it remained indefinite.   The contract was, therefore, incomplete; it was an agreement to agree upon a period of employment."   Evidence of a trade custom that the expression to publish " on a date to be mutually agreed upon " means to the publishing trade within a reasonable time is not admissible because (1) such evidence would

vary the express terms of the written instrument, the language of which is clear and definite, and (2) the alleged trade custom is not binding on the defendant Ellsworth, as it is not shown that he had knowledge or notice of it. (*Bradley* v. *Wheeler*, 44 N. Y. 495; *Rickerson* v. *Hartford Fire Ins. Co.*, 149 id. 307; *Hopper* v. *Sage*, 112 id. 530, 534; *O'Donohue* v. *Leggett*, 134 id. 40, 44; *Heimerdinger* v. *Schnitzler*, 231 App. Div. 649, 651, First Dept.) The motion to strike out all testimony as to custom, on which decision was reserved, is granted, with exception to plaintiff. Judgment is awarded to the defendants and the complaint is dismissed on the merits, with separate bills of costs to those defendants who appeared and participated in the trial by separate attorneys. Findings submitted have been passed upon. Present decision containing findings of fact and conclusions of law as found, with final judgment or decree on two days' notice.