NETTIE TRON et al., Plaintiffs, *v.* CARROLL A. THIME et al., Defendants.

Supreme Court, Special Term, Westchester County, May 22, 1951.

*Herbert F. Hastings, Jr.,* for Ruth Tron, defendant, for motion.

*Samuel La Rosa* and *Monroe Y. Mann* for Carroll A. Thime, defendant, opposed.

FLANNERY, J. The defendant, Ruth Tron, moves under section 211-a of the Civil Practice Act to enforce contribution from the defendant Carroll A. Thime of one half of each of two judgments rendered against them both as joint tort-feasors, one in favor of plaintiff, Nettie Tron, and the other in favor of plaintiff,

Morris Tron. The total of the two judgments amounting in all to $23,664.70 has been paid by the defendant, Ruth Tron, and her counsel moves, pursuant to section 211-a of the Civil Practice Act, for an order directing the entry of judgment for one half that amount, i.e., the sum of $11,832.35, in favor of the defendant, Ruth Tron, and against the defendant, Carroll A. Thime.

The defendant, Carroll A. Thime, opposes the entry of a judgment upon the theory that he was not *in pari delicto* but a passive tort-feasor, and that the defendant, Ruth Tron, who has paid the judgments was an active tort-feasor, attempting, thus, to introduce into the principles underlying the enactment and enforcement of section 211-a of the Civil Practice Act the distinctions between active and passive tort-feasance effective in the third-party practice under section 193-a of the Civil Practice Act. His counsel alleges that the testimony at the trial disclosed that Ruth Tron was the active tort-feasor and that the negligence of Carroll A. Thime was, if anything, passive and asserts that in these circumstances the law does not apply the rule laid down in section 211-a of the Civil Practice Act. He, then, says that the defendant, Ruth Tron, on this motion has not sustained the burden of proof that the defendants are *in pari delicto* laid upon her by the section under discussion.

Whatever the relations between the joint tort-feasor defendants here may have been the court believes that the defendant, Tron, has an absolute right to the entry of the judgment. It is true there are precedents sustaining the position of the defendant, Thime, on this motion. However, the court believes that they were erroneous and rests its conclusion upon the decision of the Court of Appeals in *Neenan* v. *Woodside Astoria Transp. Co.* (261 N. Y. 159). There, Huppmann, the owner and operator of an automobile, had sued the transportation company for personal injuries suffered in a collision between his automobile and a bus of the transportation company and had recovered a judgment against it for over $2,000. Later, Mary Neenan, a passenger in the bus, had sued both Huppmann and the transportation company and recovered a judgment against both for the sum of $1,500. The courts held that the judgment between Huppmann and the transportation company, since it was not *res judicata* as against the plaintiff Neenan in that action, was not even competent evidence as between Huppmann and the transportation company in the Neenan action and had been properly excluded.

Both the Appellate Division and the Court of Appeals held against Huppmann, and the latter court, by an ingenious series of distinctions, went further and, on a motion made by the transportation company, after it had paid the plaintiff's judgment, for an order directing the entry of judgment of contribution against Huppmann for one half the amount of the plaintiff's judgment, held that the Special Term and Appellate Division had both been in error, when the first denied the motion and when the second reversed and merely granted the motion. The court said that if Huppmann's judgment against the transportation company had not been already paid the claim to one half of the payment to plaintiff advanced by the transportation company should have first been set off against Huppmann's claim under his judgment, but if Huppmann's judgment had already been paid by the transportation company, then the motion should have been granted. Since the record did not show whether Huppmann's judgment had been paid or not, the Court of Appeals affirmed the judgment in favor of Mary Neenan and reversed the order of the Appellate Division granting the transportation company judgment for one half of what it had paid Mary Neenan and remitted the motion to the Special Term to dispose of it in accordance with the opinion. On page 164, the Court of Appeals said: '' While it seems inconsistent that Huppmann should share with the other defendant damages to a third person arising out of an accident for which, as between themselves, the courts have decided that Huppmann was in no way to blame, yet the inconsistency is more apparent than real.'' Again, on page 165, the Court of Appeals expressly said, '' The paying defendant thus recovers on the theory of subrogation and partially enforces a right always existing in the plaintiff.''

This, then, is the device, by which a person duly adjudged as between himself and another to have been guilty of no negligence was required to contribute proportionately to the payment of a judgment rendered against both him and the other in a separate action brought by a third person, and if one defendant who has been adjudged as between himself and another defendant to be guilty of no negligence at all contributing to an accident may, thus, be obligated in another action by a third party to contribute his proportionate share of a judgment rendered against both, surely the position of a joint defendant who is merely a passive instead of an active tort-feasor can be no better. Ruth Tron, then, as a joint defendant who has paid judgments against herself and her joint defendant, Thime, rendered against

both in favor of the plaintiffs, now on this motion stands in the shoes of the plaintiffs, " recovers on the theory of subrogation " to the rights of the plaintiffs and " partially enforces a right always existing " in the plaintiffs. Since, here, there is no question of setoff of a reciprocal liability of the defendant, Ruth Tron, to the defendant, Carroll A. Thime, the motion must be granted and the entry of judgment against Carroll A. Thime in favor of Ruth Tron in the sum of $11,832.35 will be directed.

Submit order.