NETTIE TRON et al., Plaintiffs, v. CARROLL A. THIME et al., Defendants.

Supreme Court, Special Term, Westchester County, October 17, 1951.

*Samuel La Rosa* and *Monroe Y. Mann* for Carroll A. Thime, for motion.

*Herbert F. Hastings, Jr.,* for Ruth Tron, defendant, opposed.

FLANNERY, J. This is a motion to resettle the order of the court herein, dated June 11, 1951, and entered June 12, 1951, in the Westchester County Clerk's office, by omission therefrom of

the statement among the recitals (1) that the record on appeal of the appeal taken by the defendant, Ruth Tron, was read on the motion, and also (2) that no one appeared on the motion in behalf of the defendant, Thime. On April 25, 1950, at Trial Term, Part I, in the Westchester County Court House, White Plains, New York, the jury on the trial of this action returned a verdict jointly against both defendants for two separate sums in favor of the two plaintiffs respectively, on which verdict a joint judgment for the total sum of $23,664.70, including costs, was entered in the Westchester County Clerk's office on May 8, 1950, in favor of the plaintiffs severally, according to the amount of recovery allowed each respectively by the jury, and against the defendants, Carroll A. Thime and Ruth Tron jointly. The defendant, Ruth Tron, appealed and the judgment was affirmed. (278 App. Div. 700.) Thereafter, the defendant, Ruth Tron, paid the judgment in full and moved at Special Term, Part I, White Plains, New York, on May 9, 1951, for an order directing the clerk to enter judgment in favor of the defendant, Ruth Tron, and against the defendant, Carroll A. Thime, in the sum of $11,832.35, one half the total amount paid by her on the judgment, pursuant to the provisions of section 211-a of the Civil Practice Act. The defendant, Carroll A. Thime, filed an answering affidavit on the motion in which he resisted it on the ground that the testimony at the trial disclosed that the defendants were not *in pari delicto,* because the defendant, Ruth Tron, was an active tort-feasor, and the negligence of the defendant, Carroll A. Thime, was merely passive, seeking, thus, to introduce into the application of section 211-a of the Civil Practice Act the distinctions between active and passive tort-feasance recognized in cross complaint practice under section 264 of the Civil Practice Act and third-party practice under section 193-a of the Civil Practice Act. His affidavit argued this point as his sole opposition to the motion.

The record on the appeal of Ruth Tron from the judgment, to the Appellate Division, Second Department, should, of course, then have already been on file in the Westchester County Clerk's office (Civ. Prac. Act, § 621, subd. 1), as should have been all the papers in the action. The filed record book was not submitted to the court, together with the papers on the motion, but a copy was submitted. Technically, of course, the entire record in the clerk's office is available to the court on any motion since the court has control of its own records and may look into them at any time in the interest of justice. The court would, thus,

be inclined to regard the record on appeal as before it on the motion to enter judgment had investigation on this motion not disclosed that neither the record on appeal nor a certified copy of the order of the Appellate Division had, at any time up to the submission of this motion, been transmitted to the Westchester County Clerk for filing pursuant to the Civil Practice Act. In the circumstances, that record cannot be regarded as before the court on the motion to enter judgment or on this motion. The court was limited, then, to the copies of the pleadings filed in the clerk's office by the defendant, Thime, and the original judgments and verdicts then of record. However, the court, in fact, did not pass on what the testimony at the trial disclosed because it believed no inquiry of that kind was open to it and, furthermore, was wholly unnecessary, as it clearly indicated at the beginning of the third paragraph of its decision.

It there (*Tron* v. *Thime,* 201 Misc. 85) rested on the rule of subrogation established in relation to section 211-a of the Civil Practice Act by *Neenan* v. *Woodside Astoria Transp. Co.* (261 N. Y. 159) and subsequently reaffirmed in *Epstein* v. *National Transp. Co.* (287 N. Y. 456) and held that the defendant, Tron, had an absolute right to the entry of judgment over because she was a joint defendant sued by the plaintiffs against whom a joint verdict had been rendered and a joint judgment entered that she had paid in full. This, because the jury had returned a joint verdict against both defendants, and there was nothing in the verdict nor the judgment to indicate that the jury had made any distinction, or thought there was any distinction, between the negligent acts or omissions of the respective defendants. The answer of the defendant, Thime, in this action and his answers in the other actions consolidated and tried with it were not submitted to the court nor considered by it, although copies of those pleadings had been filed by the defendant, Thime, in the Westchester County Clerk's office. In fact, the answer in this action contained no cross pleading, pursuant to section 264 of the Civil Practice Act, nor did the answers in the other actions contain any affirmative defense or demand for affirmative relief against the defendant, Ruth Tron, or for any determination of the respective degrees of negligence or liability of the two codefendants between themselves, but, even if they had been before the court and had contained either cross pleading or affirmative demand, the verdict and judgment which were before the court certainly recited or disclosed no finding, nor decision, nor even suggestion that the defendant, Thime, had been merely passively

negligent while the defendant, Tron, had been actively negligent. The verdict and the judgment in this action left no ground for any supposition that the jury had made any distinction between the defendants and, in the court's view, if the jury made no distinction, that ended the controversy.

It is not true, however, that the defendant, Thime, defaulted on the motion. Under the rules at Special Term, Part I, White Plains, New York, his counsel submitted the answering affidavit and asked the clerk to submit for him. This constituted an appearance on that motion and no recital that no one appeared on behalf of the defendant, Thime, on the motion could be properly made in the order. The submission of his attorney, Mr. La Rosa, of the affidavit in opposition constituted an appearance without oral argument.

The motion will, then, be granted in part to resettle the order: (1) by the omission from the recitals of the statement that the record on appeal of the appeal taken by the defendant, Ruth Tron, was read on the motion and by the substitution therefor of the statement that the complaint, the verdict of the jury and the judgment were all before the court and considered by it, and (2) by the omission therefrom of any recital that no one appeared on the motion in behalf of the defendant, Thime, and the substitution therefor of a statement that Mr. La Rosa, attorney for the defendant, Thime, appeared on the motion, not in person, but by the submission of an affidavit in opposition and a consent to submission for him, and otherwise the motion will be denied. The defendant, Thime, will be granted $10 costs of this motion against the defendant, Ruth Tron.

Settle order on notice at Chambers, Dutchess County Court House, Poughkeepsie, New York.