■ ENRICO MUSCO, Appellant, v. GEORGE PARES et al., Respondents.— Order dismissing the amended complaint for insufficiency unanimously affirmed, with $10 costs and disbursements. The motion which resulted in the order appealed from was apparently made pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice. It was made, not only on the pleading attacked, but also on the original complaint, which had previously been dismissed, the papers submitted on the previous motion, and the decision of the Special Term therein. The order appealed from similarly recites that it is made on the amended complaint, and also on the previous papers and proceedings. Such procedure is unauthorized. (*Scholen* v. *Guaranty Trust Co.*, 288 N. Y. 249.) However, since the Special Term had the undoubted power to consult the records of the court (*Tron* v. *Thime*, 201 Misc. 88, affd. 279 App. Div. 917) and to consider, as a controlling authority insofar as it was pertinent, the previous determination made by the court, as to the sufficiency of the former pleading (cf. *Walker* v. *Gerli*, 257 App. Div. 249; *Crawford* v. *Walton*, 70 N. Y. S. 2d 129), we see no substantial error in the fact that the order appealed from recites the fact that the learned Justice who decided the instant motion relied on a previous determination, made by another Justice, which involved the sufficiency of a similar pleading. In any event, regardless of the effect of the previous determination in a court of co-ordinate jurisdiction, it is in no way binding on this court (cf. *Rager* v. *McCloskey*, 305 N. Y. 75, 78; *Vogeler* v. *Alwyn Improvement Corp.*, 247 N. Y. 131, 134–135) and, in determining the questions presented, we have treated as surplusage the recitals in the notice of motion and the order appealed from which relate to the

previous proceedings in the action. It is our opinion that the amended complaint states no cause of action either at law or in equity. The contract on which the action is founded, which is made a part of the complaint and annexed thereto, and upon which appellant must depend, in pleading his cause of action for specific performance (cf. *Red Robin Stores* v. *Rose,* 274 App. Div. 462), is vague and indefinite in many details with respect to the rights of the parties thereto. It does indicate, however, that the parties intended to contract with respect to the sale of 48 lots, the development of the tract of land on which they were laid out, and the erection of houses by appellant thereon. It contains various provisions with respect to the duty of appellant to devote his time to the development of the property, the type of houses to be erected thereon, and the order in which the lots shall be utilized for the erection of the houses. Although definite purchase prices are fixed for 47 of the lots, it is provided that lot No. 1 may be purchased only after the other 47 lots have been sold, and then at a price to be mutually agreed on. The lots are to be paid for out of deposits to be made toward the purchasing or erection of houses on the property. It is further provided that respondents shall convey to appellant " deeds of several lots at a time to be mutually agreed upon ". In view of the other provisions of the contract, the time for the delivery of the deeds appears to be of considerable materiality. Specific performance will not be decreed, pursuant to a contract, if a material element of the contract is left for future agreement. (*St. Regis Paper Co.* v. *Hubbs & Hastings Paper Co.,* 235 N. Y. 30, 36; *Clark Paper & Mfg. Co.* v. *Stenacher,* 236 N. Y. 312, 316.) Although with respect to the ordinary contract to convey real property, the failure to provide for a closing date is not fatal (*N. E. D. Holding Co.* v. *McKinley,* 246 N. Y. 40), this is not the ordinary contract with respect to which it could be assumed that the parties intended a closing of title within a reasonable time, nor is this a case in which there was merely a failure to provide for a closing date. Here the parties did not remain silent, but specifically provided that the matter should be left open for future agreement. (Cf. *Keystone Hardware Corp.* v. *Tague,* 246 N. Y. 79, 84.) Under such circumstances, specific performance may not be decreed (cf. *Duffield & Co.* v. *Ellsworth,* 143 Misc. 40, 41; *Clark Paper & Mfg. Co.* v. *Stenacher, supra*), and the amended complaint is insufficient to state a cause of action for that relief. Neither are we able to spell out of the allegations of the pleading a sufficient complaint for any other form of relief, at law or in equity. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.